PER CURIAM.
The appellants, Thomas J. Wolski and Susan Schwartz Wolski, challenge a final judgment awarding the appellees, Kenneth M. Clark and Ellesa Clark, damages in the amount of $867,000 and costs in the amount of $8,237.97. We find that the trial court erred by not allowing the jury to consider the issue of the permanency of Mr. Clark’s injuries and, accordingly, reverse and remand for a new trial on the question of damages.
The instant dispute arose out of a motor vehicle accident which occurred on April 27, 1994. Mr. Clark was stopped at a traffic light behind a ear which was waiting to make a left turn when his truck was struck from behind by a vehicle driven by Mr. Wolski. According to expert testimony, Mr. Wolski’s vehicle was traveling at a speed of 4.5 miles per hour when the collision occurred.
As a result of this accident, the Clarks filed a negligence action against Mr. and Mrs. Wolski. The Clarks contended that Mr. Clark had sustained permanent injuries to his left knee, left shoulder, and to his neck as a result of Mr. Wolski’s negligence. The Wolskis filed an answer which included several affirmative defenses. One of the affirmative defenses alleged that Mr. Clark did not sustain any permanent injury as a result of the accident.
The case proceeded to a jury trial. At the close of all of the evidence, the Clarks’ motion for a directed verdict on all of the Wolskis’ affirmative defenses, including *467 the defense that Mr. Clark had not sustained any permanent injuries as a result of the accident, was granted. The Clarks then moved for a directed verdict on the issue of negligence and again on the question of the permanency of Mr. Clark’s injuries. The Wolskis agreed to admit negligence but not that the negligence was the proximate cause of Mr. Clark’s injuries or that the injuries were permanent. The court granted the Clarks’ motion as it related to negligence. Even though the court had directed a verdict in favor of the Clarks on the question of permanency as alleged in the Wolskis’ affirmative defenses, it denied the subsequent motion as it related to the issue of permanent injury.
After the jury returned a verdict in the amount of $1,362 million, the court granted the Wolskis’ motion for remittitur and reduced the verdict to $867,000. The Wol-skis then filed a motion for new trial and/or judgment notwithstanding the verdict and/or remittitur and a motion to stay execution or other process based on the final judgment. These motions were denied and the Wolskis filed a timely notice of appeal from the final judgment, which awarded the Clarks damages in the amount of $867,000 and costs in the amount of $8,237.97.
Although the Wolskis have raised several issues on appeal, we only discuss one, i.e. whether the threshold question of permanency of injuries was improperly removed from the jury’s consideration. Based upon the record presented to us, we conclude that it was.
The record reflects what appears to be several inconsistent rulings by the trial court. First, the court granted the Clarks’ motion for a directed verdict on all of the Wolskis’ affirmative defenses. This ruling amounted to a determination that the Clarks had established permanent injuries. Next, the Clarks then moved for a directed verdict on the issue of negligence and contended that the negligence was the proximate cause of Mr. Clark’s permanent injuries. The Wolskis did not argue against the motion as it related to the negligence question but contested liability for permanent injuries. The court granted the directed verdict in the Clarks’ favor on the liability question but denied any further relief.
Last, during the jury instruction conference, the Clarks asserted that a directed verdict had been granted on the permanency issue. The Wolskis’ attorney said that he did not understand that the order granting the motion for directed verdict on the affirmative defenses included the permanency issue. Based upon the confusion caused by the various motions, the court allowed the parties to reargue the permanency issue and then once again ruled that the Clarks had met the threshold for permanency and granted the motion. This was error. There was conflicting evidence regarding the permanency of Mr. Clark’s injuries. Since reasonable minds could differ as to whether Mr. Clark sustained a permanent injury as the result of the accident, a question of fact existed which should have been submitted to the jury for its consideration. Bonds-Gaylor v. Azzarelli Constr. Co., 546 So.2d 1106 (Fla. 2d DCA 1989).
We realize that the jury was given jury instruction sixteen which stated: “If the greater weight of the evidence shows that Kenneth M. Clark has been permanently injured, you may consider his life expectancy.” In view of the court’s ruling, this instruction should not have been given. Nevertheless, it does not change the result we must reach in this case. Although the instruction purportedly gave the issue of permanency to the jurors to decide, the court’s oral rulings and the rest of the jury instructions, as well as the verdict form, were consistent with a directed verdict on the issue of permanency. Therefore, the jury was unable to make a proper determination on the issue of permanency, and we must reverse and remand for a new trial on the issue of damages.
*468 Reversed and remanded with instructions.
SCHOONOVER, A.C.J., and THREADGILL and PATTERSON, JJ„ concur.